STATE OF MAINE                          SUPERIOR COURT

AROOSTOOK, ss                           DOC. NO. CARSC-AP-2018-01


M & S REALTY INC                )
            PLAINTIFF           )
vs.                             )          ORDER REGARDING
                                )          STAY PENDING APPEAL
ELIZABETH A. ROVITO             )       of ISSUANCE of WRIT of POSSESSION
            DEFENDANT           )
                                )       291 W. MAIN STREET, APT. 202, FORT
                                )          FORT KENT, MAINE

On February 16, 2018 Plaintiff, M & S Realty Inc. was issued Judgment for Forcible Entry and
Detainer regarding Apt. 202 at 291 W. Main Street, Fort Kent, MAINE; Defendant Elizabeth
Rovito having failed to appear. (District Court, Fort Kent, FORDC-SA-2018-00008). On
February 22, 2016 Defendant filed with the Fort Kent District Court a Notice of Appeal and
Affidavit. In her Affidavit, Defendant stated "I have paid to Plaintiff any unpaid portion of the
current month's rent or the rent arrearage." Upon the filing of the Notice of Appeal the matter
was transferred to the Superior Court, Aroostook County.

On March 6, 2018 Plaintiff filed with the Court a letter stating that the Defendant had not paid
March rent due for Apt. 202..On March 7, 2018 the Court issued to the parties a Notice of
Hearing indicating a hearing on the stay was set for March 19, 2018 at 10:45 am. Both parties
ultimately participated by telephone.[1] Hearing was held March 19, 2018.

Title 14, MRSA § 6008(2) states tin pertinent part that on appeal by the defendant "The Superior
Court may stay the issuance of the writ of possession pending disposition of the appeal."
Sections 6008(2)(A) and (B) state in pertinent part:
    A. The Superior Court shall condition the granting and continuance of the stay on the
       defendant's payment of rent for the premises as required by this subsection at the time
       of appeal and on payment of any rent that has accrued since the filing of the appeal.
    B. The Superior Court may condition the granting and continuance of the stay, in
       appropriate cases, on the defendant's agreement to refrain from causing any nuisance
       or damage.
Section 6008(3) states:
    Upon finding a violation of the conditions for granting the stay, the Superior Court shall
vacate the stay and may issue a writ of possession.

The parties agree that rent due for February 2018 has been paid, but rent for March 2018 has not
been paid. Defendant also agreed on the record not to cause any damage subsequent to the

---

[1] Plaintiff had contacted the Court in advance and obtained permission to participate by phone. Defendant told the
Court she did not receive the Notice of Hearing until the day of the hearing and called the Court immediately.
Ultimately the Court made arrangements for both parties to participate by phone.

hearing. Accordingly, the Court does stay the issuance of the writ of possession on the following conditions:

1. Defendant to pay to Plaintiff rent owed for March 2018 for Apt. 202 by March 23, 2018;
2. Defendant pay to Plaintiff rent owed for renting Apt. 202 for all subsequent months pending this appeal by the fifth (5th) day of each month; and
3. Defendant is to refrain from causing any nuisance or damage to Apt. 202.

Should Defendant fail to comply with any of the aforesaid conditions, Plaintiff may move or petition the Court to vacate the stay, at which time the Court will promptly set the matter for hearing to determine whether any of the conditions have been violated and whether to vacate the stay of the issuance of the writ of possession.

NOTICE: DEFENDANT'S FAILURE TO COMPLY WITH THE CONDITIONS LISTED ABOVE CAN RESULT IN THE STAY BEING VACATED, AND THE WRIT OF POSSESSION BEING ISSUED ,RESULTING IN THE PLAINTIFF HAVING TO VACATE AND LEAVE THE RENTED PREMISES AT APT. 202, 291 W. MAIN STREET, FORT KENT, MAINE.

SO ORDERED.

Dated: March 19, 2018

_____
Justice, Superior Court

STATE OF MAINE                                    SUPERIOR COURT

AROOSTOOK, ss                                     DOC. NO. CARSC-AP-2018-01


M & S REALTY INC                    )
          PLAINTIFF                 )
vs.                                 )             ORDER IN RESPONSE TO
                                    )             DEFENDANT'S LETTER
ELIZABETH A. ROVITO                 )             FILED MARCH 22, 2018
          DEFENDANT                 )
                                    )             291 W. MAIN STREET, APT. 202, FORT
                                    )             FORT KENT, MAINE


On March 22, 2018 Defendant filed with the Court a letter in which she challenges the Court's

Order Regarding Stay Pending Appeal dated March 19, 2018. In short, Defendant asserts she

should not be ordered to pay rent pending the appeal. As the Court stated in its prior order, per

Maine statute a stay of issuance of the writ of possession pending the appeal shall be conditioned

upon payment of rent.


Defendant also complains about the hearing being held by conference call. The hearing on the

stay was properly set and noticed by the Court. The Notice was dated and issued on March 7,

2018, indicating the hearing was set for March 19, 2018. The Court allowed Defendant to

participate by telephone as an accommodation to her when she contacted the Court the morning

of the hearing and stated she had just received the Notice of Hearing and could not get herself to

Caribou.


In her letter Defendant also raises for the first time issues of habitability. The Court notes that

Plaintiff initiated this eviction pursuant to a seven (7) Notice to Quit. Defendant not vacating the

premises, Plaintiff served the Defendant and filed with the District Court a Complaint for Forcible Entry and Detainer, but Defendant failed to appear for the hearing. Accordingly, the District Court found the Defendant failed to appear and entered judgment by default for Plaintiff. In her Notice of Appeal, Defendant indicated she was appealing questions of law related to due process and service. Habitability has never been properly raised as an issue.

Accordingly, any requests for relief being made by Defendant in her letter dated March 22, 2018 are denied, and the Court's Order dated March 19, 2018 remains in full force and effect

The entry is:

1. Defendant's requests for relief in her letter filed with the Court on March 22, 2018 are denied.

2. The Clerk is directed to incorporate this Order into the docket by reference pursuant to M.R.Civ.P.79(a).

Dated: March 22, 2018

Justice, Superior Court